UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT KISER and STACEY KISER,

      Plaintiffs,

                                                File No. 1:14-CV-585

v.

                                                HON. ROBERT HOLMES BELL

BANK OF AMERICA, N.A.,
et al.,

      Defendants.
                                 /

## **O P I N I O N**

This matter is before the court on Defendant Bank of America, N.A.'s ("BANA") Motion to Dismiss. (ECF No. 18.) Plaintiffs Vincent and Stacey Kiser filed an action in the Circuit Court for the County of Berrien, Michigan on April 29, 2014 against Bank of America N.A., and Bank of New York Mellon Corp ("BONYM") and an Unknown Trust. The case was removed to federal court, and Defendant BONYM was dismissed as a party. For the reasons stated below, Defendant BANA's motion is granted.

**I.**

On October 27, 2005, Plaintiffs Vincent and Stacey Kiser, a married couple, executed a mortgage loan for $136,360 with Countrywide Home Loans, Inc. ("Countrywide"). (First Am. Compl., ECF No. 13.) To secure repayment of the loan, Plaintiffs granted a mortgage to Mortgage Electronic Registration Services ("MERS"), as nominee for Countrywide and its successors and assigns, on the real property located at 6424 Hagar Shore Road, Coloma,

Michigan, 49038 ("Property").  (*Id.*) The mortgage was recorded on November 21, 2005, in the Berrien County Records. On September 23, 2011, MERS assigned the mortgage to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP. (Def.'s Br., Ex. C, ECF No. 18.)  This assignment was recorded in the Berrien County Records on October 4, 2011.  (*Id.*) BANA is the successor by merger to BAC Home Loans Servicing.

Plaintiff allegedly defaulted in repayment of the loan and BANA instituted a pre-foreclosure statutory modification process. (*Id.*) A foreclosure sale was scheduled for February 7, 2013, but the sale was adjourned because Plaintiffs filed a Notice of Bankruptcy prior to the scheduled sale. (Def.'s Br., Ex. D, ECF No. 18.) The bankruptcy case was dismissed on January 30, 2014. (*Id.*, Ex. E.) No foreclosure sale has occurred.

On April 29, 2014, Plaintiffs filed an action in the Circuit Court for the County of Berrien, Michigan against Defendants BANA, BONYM, and an Unknown Trust .

Defendant BANA removed the case to federal court on May 30, 2014. Defendant BONYM was dismissed as party. Plaintiffs filed their First Amended Complaint on June 24, 2014.

## II.

Federal Rule of Procedure 12(b)(6) provides that a party may assert "failure to state a claim upon which relief can be granted" as an affirmative defense. Under the federal notice pleading standards, a complaint must contain "a short and plain statement of the claim showing how the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this

statement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing a motion to dismiss, the Court must "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff,'" but the Court "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)).

The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Plaintiffs must allege facts that "state a claim to relief that is plausible on its face," and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 677).

The Court may consider the complaint in its entirety, documents referenced in the complaint and pleadings, matters of public record, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.* 551 U.S. 308, 323 (2007).

**III.**

Plaintiffs' complaint raises nine claims: (1) declaratory relief that foreclosure violates Michigan's foreclosure by advertisement statute, Mich. Comp. Laws § 600.3204(1) and (3); (2) declaratory relief that foreclosure violates Michigan's statutory modification process, Mich. Comp. Laws §§ 600.3204(4), 600.3205a, and 600.3205c; (3) violations of the federal Truth in Lending Act, 15 U.S.C. § 1641(g); (4) breach of contract; (5) intentional fraud; (6) constructive fraud; (7) violation of Regulation Z of the Truth in Lending Act, 12 C.F.R. § 226; (8) violations of Michigan's Regulation of Collection Practices Act ("MCPA"), Mich. Comp. Laws § 445.251; and (9) violations of Michigan's Occupational Code ("MOC"), Mich. Comp. Laws § 339.918. Defendant moves to dismiss all counts pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**A. Count 1: Violation of Mich. Comp. Laws § 600.3204(1) and (3)**

Plaintiffs contend that BANA lacks standing to commence foreclosure proceedings because the assignment of the mortgage to BANA was forged and the assignment was "robo-signed." However, Plaintiffs lack standing to bring this argument because they are not a party to the assignment. *See Conlin v. Mortg. Elec. Registration Sys., Inc.* 714 F.3d 355, 360–61 (6th Cir. 2013) (citing *Livonia Props. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir. 2010) (holding that a third party to an assignment generally does not have standing to challenge the assignment)).

The exception outlined in *Livonia* allows a non-party to challenge an assignment when there is a risk that the obligor may be forced to pay the same debt twice. 399 F. App'x at 102.

*See McCann v. U.S. Bank N.A.*, 873 F. Supp. 2d 823, 830–31 (E.D. Mich. 2012). Robo-signing allegations may be sufficient to state a claim for fraud, where there is a risk that the mortgagor may be subject to double recovery. *See Gorski v. CTX Morg. Co.*, No. 12-cv-12250, 2013 WL 1316931 at *5–6 (E.D. Mich. March 29, 2013) (discussing robo-signing as a basis to challenge the assignment of a mortgage). Plaintiffs allege that they "fear double recovery," but it is unclear under what theory. (First Am. Compl., ¶¶ 152, 14). The recorded assignments transferred the underlying note along with the mortgage (*id*., Ex. G), and Plaintiffs allege that Countrywide no longer exists (*id.*, ¶ 23). *See also Bambas v. CitiMortgage, Inc.*, 577 F. App'x 461, 466 (6th Cir. 2014) (citing *Residential Funding Co., LLC, v. Saurman*, 805 N.W.2d 183, 184 (Mich. 2011)) (noting that the holder of the mortgage could foreclose even if the note were separated). Thus, Plaintiffs have not alleged how they are at risk of paying their debt twice.

Even if Plaintiffs did have standing to challenge the assignment, their argument is without merit. A record chain of title exists. *See Livonia,* 399 F. App'x at 103. Plaintiffs themselves have provided a copy of the mortgage and assignments from MERS to BANA on September 23, 2011. (First Am. Compl., Ex. G.) The assignment was recorded in the Berrien County Records on October 4, 2011. (*Id*.) Plaintiffs rely on cases in which an assignment in the chain of title was missing, but that is not the case here. Plaintiffs' contention that BANA lacks the property interest necessary to initiate foreclosure is unsupported by the public records.

Plaintiffs refer to some Unknown Trust, but allege no other facts about the date, identity, or scope of the interests assigned to the Unknown Trust. Plaintiffs suggest that Countrywide may have pooled and sold their loan in a mortgage-backed or asset-backed security ("ABS"). Plaintiffs have no standing to challenge the validity of a pooling and service agreement between Countrywide and some other party. *Livonia*, 717 F. Supp. 2d at 746–47; *Goodwin v. CitiMortgage Inc.*, No. 1:12-cv-760, 2013 WL 7799003, at *3 (W.D. Mich. Aug. 19, 2013).

Michigan law squarely rejects Plaintiff's final argument that the Mortgage and Note have been severed such that BANA lacks an ownership interest in the indebtedness, and thus lacks authority to foreclose. In *Saurman*, the Michigan Supreme Court recognized that a mortgage granted to MERS, nearly identical to the mortgage at issue here, gave MERS the right to act on behalf of the lender to cancel or release the debt, as well as foreclose under Mich. Comp. Laws § 600.3204(1)(d). 807 N.W.2d at 350. Furthermore, a mortgage assigned to MERS as nominee for the lender is valid and assignable. *See Stafford v. Mortg. Elec. Registration Sys., Inc.*, No. 12-10798, 2012 WL 1564701, at *2 (E.D. Mich. May 2, 2012).

*Saurman* clearly establishes the validity of Defendant's interest in the property. MERS has authority, created by the mortgage, to act as the mortgagee and to enforce a mortgage granted to it as nominee for the Lender, including assigning the mortgage. *See McCann,* 873 F.Supp.2d at 831. Defendant BANA has produced its chain of title to the mortgage based on the assignment from MERS, and thus its authority to proceed with foreclosure on the property. Count 1 must be dismissed.

**B. Count 2: Violation of Mich. Comp. Laws §§ 600.3204(4), 600.3205a, 600.3205c**

Plaintiffs allege that BANA failed to comply with Michigan statutes governing the pre-foreclosure modification process. Defendant moves to dismiss this Count because Plaintiffs have failed to include sufficient facts to satisfy the *Iqbal*/*Twombly* pleading standards.

Michigan's foreclosure modification statute requires that (1) the foreclosing entity must inform the borrower of a designated person with authority to make loan modification agreements; (2) the borrower must contact the designated person within 30 days after the notice is sent to initiate loan modification proceedings; (3) the foreclosing entity must provide the borrower a copy of the process guidelines within 90 days after the notice is sent. Mich. Comp. Laws §§ 600.3205a–600.3205c.

Plaintiffs' complaint, supplemented by additional details in their briefs, alleges that they received the statutorily required § 3205a(1) notice in winter of 2012; they telephoned BANA's legal counsel and requested to participate in the statutory modification process and requested copies of the process guidelines; legal counsel directed them to contact BANA directly. (First Am. Compl., ¶ 159–63; Pls.' Resp. 15–18) These facts still fall short of the *Iqbal*/*Twombly* standard because they provide no details about how Plaintiffs complied with the meticulous details of the statute. It does not allege what date Plaintiffs received notice, who was the designated person, whether Plaintiffs contacted the designated person within 30 days, or any particular details about what BANA's legal counsel communicated.

Plaintiffs' reliance on *Gallagher v. BAC Home Loans Servicing, L.P.,* No. 1:11-cv-1356, 2012 WL 1952349 (W.D. Mich. 2012) (Quist, J.) undermines their case because the plaintiffs in that case provided a plethora of details about who, what, when, and where they attempted to satisfy the statutory requirements and how the defendants failed.

Plaintiffs also point to *Maraulo v. CitiMortgage, Inc.* 4:12-cv-10250, ECF No. 50 (E.D. Mich. Feb. 11, 2013), for the proposition that Count 2 should survive. However, that case is inapposite because the parties disputed whether those plaintiffs had pled sufficient facts to show that they qualified for loan modification. *Id.* at 14. Whether Plaintiffs qualified for loan modification is not the issue raised here.

Accordingly, Count 2 will be dismissed.

**C. Counts 3 and 7: Violations of TILA, 15 U.S.C. § 1641(g) and Regulation Z of the TILA, 12 C.F.R. § 226**

Plaintiffs allege violations of the Truth in Lending Act ("TILA"), requiring notice to the borrower of the transfer to a third party of a mortgage loan. Plaintiffs assert that Defendant violated TILA when they failed to notify Plaintiffs when the Note was sold to the Unknown Trust sometime in 2011. Defendant moves to dismiss on the basis that the claims are barred by a one-year statute of limitations.

TILA provides a one year statute of limitations for claims seeking damages. 15 U.S.C. § 1640(e). To support equitable tolling of the statute of limitations, Plaintiffs must demonstrate "(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the

8

limitations period; and (3) plaintiff's due diligence until discovery of the facts." *Hamilton Cnty. Bd. of Comm'r. v. NFL*, 491 F.3d 310, 315 (6th Cir. 2007); *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1042 (6th Cir. 1984).

As Defendants point out, the assignment from MERS to BANA was publicly recorded with the Berrien County Register of Deeds on October 4, 2011. The public record refutes the claim that BANA wrongfully concealed the assignment. Moreover, Plaintiffs have offered few, if any, factual details for their claim that the Note was sold to some Unknown Trust. Without factual support, the Court cannot infer that Defendants sold the Note and wrongfully concealed their action. Plaintiffs have failed to demonstrate that they have discovered operative facts that form the basis of a cause of action under TILA, let alone that Defendants wrongfully concealed those facts. *Cf. Vargas v. JP Morgan Chase Bank, N.A.,* — F. Supp. 2d —, 2014 WL 3439062 (C.D. Cal. 2014). Therefore, the statute of limitations bars Counts 3 and 7.

**D. Count 4: Breach of Contract**

In support of their breach of contract claim, Plaintiffs assert that BANA breached the mortgage loan contract "by misapplying funds paid by Plaintiffs during the loan modification review process, placing the same into a 'suspense account', and failing to correct the error." (First Am. Compl., ¶ 180.) Plaintiffs assert damages including loss of their home due to an inflated reinstatement quote caused by the misallocation of funds; attorney's fees; and destroyed credit rating. (*Id.,* ¶ 181.)

Plaintiffs' conclusory statement, unsupported by specific facts, that ¶ 10 of the mortgage agreement was breached is insufficient. The allegations are too devoid of factual details even to reconcile Plaintiffs' claim to have stopped making payments prior to commencing the loan modification process (*id.*, ¶¶ 71, 75), and their claim that their payments were placed into a suspense account during the process (*id.* at ¶ 180).

As Judge Rosen noted in *Thill*, the problem is that these allegations fall well short of stating a claim for breach of contract. The allegations "do not identify the specific terms of the contract allegedly breached—such as identifying 'what payments were made, when or how they were supposed to be credited, what mistakes were made, why they are considered mistakes under the contract, etc.'" *Thill,* 8 F. Supp. 3d at 955 (quoting *Anderson v. Bank of Am.*, 2013 WL 5770507, at *4 (E.D.Mich. Oct. 24, 2013) (Cohn, J.)). Accordingly, Count 4 will be dismissed.

**E. Counts 5 and 6: Intentional Fraud and Constructive Fraud**

Plaintiffs' fraud claims assert that Defendant's unidentified representatives told Plaintiffs that they would have to fall behind on the mortgage to qualify for a loan modification and then put them through "Paperwork Hell" by lying about the status of the loan modification paperwork. (First Am. Compl., ¶¶ 71, 81–84, 185–210.)

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To make out a fraud claim, a plaintiff "must at a minimum allege the time, place and contents of misrepresentation(s) upon which

he relied." *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984). Additionally, the pleading must "allege with specificity who had made the particular misrepresentations and when they were made." *Hoover v. Langston Equip. Assoc., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992); *Frank v. Dana Corp.,* 547 F.3d 564, 569–70 (6th Cir. 2008).

Plaintiffs have failed to satisfy the pleading requirements because they do not describe any specific statements, identify the speaker, identify the time or place of the statements, or explain the nature of their reliance. *See Thill*, 8 F. Supp. 3d at 956 (quoting *Cheesewright v. Bank of Am., N.A.,* 2013 WL 639135, at *6–7 (E.D. Mich. Feb. 21, 2013)). The complaint lacks facts so as to put Defendant on sufficient notice of the misrepresentation and enable it to respond to the allegation. *Id.*(citing ten other cases reaching the same conclusion regarding the sufficiency of such fraud claims brought by Gantz Associates). Therefore, Counts 5 and 6 will be dismissed.

**F. Count 8: Violations of the MCPA**

Plaintiffs allege seven violations of Michigan's Regulation of Collection Practices Act ("MCPA"). (First Am. Compl., ¶ 225.) Rule 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake," is applicable to all allegations of fraud, including allegations of fraud under the MCPA. *See Zanger v. Gulf Stream Coach, Inc.*, No. 05–72300, 2005 WL 3416466, at *10 (E.D. Mich. Dec.13, 2005). Plaintiffs allege seven violations of the MCPA, four of which allege fraud: (1) communicating with Plaintiffs in a misleading or deceptive manner; (2)

making a deceptive statement in a communication to collect a debt; (3) misrepresenting in a communication with Plaintiffs the legal status of a legal action being taken and the legal rights of Plaintiffs; and (4) communicating with Plaintiffs without accurately disclosing the caller's identity. (First Am. Compl., ¶ 225) Plaintiffs provide no details in these incredibly vague allegations. Plaintiffs do not provide the time or contents of the misrepresentations, nor do Plaintiffs disclose who made the misrepresentation or when, other than sometime between February 2013 and February 2014. (*Id*., ¶ 227–28.) Indeed, beyond the recitation of general behavior the MCPA prohibits, Count 8 is devoid of details. Contrary to Plaintiffs' claims, these allegations are not enough to put Defendant on reasonable notice of the legal and factual basis of Plaintiffs' claims.

As for the alleged violations of the MCPA which do not involve fraud—(1) communicating with Plaintiff when Plaintiff was actively represented by an attorney; (2) using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversations repeatedly and at inconvenient times; and (3) failing to implement a procedure designed to prevent a violation by an employee—Plaintiff merely quotes the statute. *See* Mich. Comp. Laws § 445.252(h), (n), (q). Beyond quoting subsections from the statute, Plaintiffs make no allegations regarding BANA's conduct other than asserting that the conduct took place sometime in an approximate year-long timeframe. (First Am. Compl., ¶ 227–28.) Even under the lower pleading standard for non-fraud claims, this pleading is woefully inadequate. A plaintiff must

provide more than "a formulaic recitation of a cause of action's elements" to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. *See also Brady v. Chase Home Fin., LLC,* No 1:11-cv-838, 2012 WL 1900606, at *10 (W.D. Mich. May 24, 2012) (Quist, J.) (dismissing a plaintiff's MCPA claim because the allegations "merely parrot certain provisions of the statute" and "fail to provide any factual 'meat' for her bare-bones claim"). Count 8 must be dismissed.

**G. Count 9: Violations of MOC**

Plaintiffs allege violations of the Michigan Occupational Code ("MOC") in their complaint, but they have not responded to Defendant's motion to dismiss this count. The MOC applies only to a "collection agency," which is defined as "a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another[.]" Mich. Comp. Laws § 339.901(b). Importantly, "[c]ollection agency does not include a person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency such as ... [a] state or nationally chartered bank when collecting its own claims." *Id.* § 339.901(b)(ii). Because BANA's actions here were as owner of the indebtedness and confined to the operation of its business as a loan servicer, the MOC is inapplicable. Accordingly, Count 9 will be dismissed.

**IV.**

For the reasons stated above, Plaintiffs have not stated plausible claims for relief

against Defendant BANA. Defendant's Motion to Dismiss (ECF No. 18) will be granted.

An order consistent with this opinion will be entered.


Dated: December 5, 2014          /s/ Robert Holmes Bell
                                                   ROBERT HOLMES BELL
                                                   UNITED STATES DISTRICT JUDGE